Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 1607 | DATE | 7/26/2011 |
| CASE TITLE | CHRISTOPHER SOJKA, JR. v. BOVIS LEND LEASE, INC. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for leave to supplement bill of costs [92] is granted. Defendant's bill of costs [84] is denied. **SEE BELOW FOR DETAILS.**

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Christopher Sojka, Jr. sued Bovis Lend Lease, Inc. for construction negligence after he was injured while working on a construction site where Bovis was the project manager. Summary judgment was granted to Bovis. *See* Dkt. Nos. 81–83. Bovis seeks $17,932.43 in costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Sojka contests an award of costs on the grounds that he is unable to pay.

Bovis, the prevailing party, is presumptively entitled to an award of those costs allowed by § 1920. *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 334 (7th Cir. 2009). Sojka may overcome that presumption by showing indigence. *Rivera v. City of Chicago*, 469 F.3d 631, 634–35 (7th Cir. 2006). He must first demonstrate that he is unable to pay costs now or in the future. *Id.* at 635. Then, the court considers the amount of costs, Sojka's good faith, and the closeness and difficulty of the issues raised when deciding whether the narrow exception to awarding costs is appropriate. *Id.* at 635–36.

Sojka submitted an affidavit detailing his financial situation. Bovis has not challenged the affidavit. Sojka's left eye was injured in January 2008. Soon after, he began receiving temporary disability pay of $361.86 per week, which totals about $1500 per month. His living expenses are approximately $1,100 per month, and he owes more than $86,000 in medical bills. He does not own a home, car, or other assets other than $800 in a checking account. Sojka's financial situation establishes that he currently is unable to pay costs. His affidavit further establishes that he is unlikely to be able to pay costs in the future. He has not worked since the accident. His doctors are still not sure, more than three years post-accident, when or if he will be able to work in a full capacity. If he cannot work, he will have to file for Social Security Disability benefits. Sojka's ability to obtain new employment is sufficiently in doubt that the court finds he is unlikely to be able to pay costs in the future.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

The discretionary factors also support a denial of costs. Bovis seeks nearly $18,000. Although many of Bovis's copying costs are inadequately supported and it seeks some unrecoverable expenses associated with the depositions, the allowable costs total more than $10,000. Sojka cannot pay this amount now and will unlikely be able to pay these substantial costs in the foreseeable future. Sojka brought this lawsuit in good faith. He suffered a severe injury on the job, and there was a nonfrivolous argument Bovis could be liable. Nothing suggests Sojka had an improper purpose in suing Bovis. The issues raised were close and difficult. Even though Sojka lost because he did not provide evidence of a breach, this element is not a frequently litigated issue in construction negligence cases. The motion raised difficult questions about the requirements for establishing breach at summary judgment, and the remaining summary judgment issues were decided favorably to Sojka. The equities favor denying costs.

*Suzanne B. Conlon*